# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **RICKY EUGENE MINNIFIELD** | **CIVIL ACTION NO. 05-2074** |
| **VS.** | **JUDGE JAMES** |
| **LOUISIANA DEPARTMENT OF EDUCATION, ET AL** | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. #24) filed by Defendant, School Board of Ouachita Parish ("School Board"). Pro se plaintiff, Ricky Eugene Minnifield ("Minnifield") has not filed an opposition to the motion. For the reasons stated below, it is recommended that the School Board's Motion to Dismiss (Doc. #24) be **GRANTED**.

## BACKGROUND

Plaintiff filed suit against the Louisiana Department of Education, Ouachita Parish School Board and West Monroe High School alleging that the Defendants' use of the confederate rebels mascot is racial discrimination and unconstitutional in public education and state-operated schools. Plaintiff claims that Defendants "have and continue to induce, encourage, and promote racial discrimination by allowing West Monroe High School to have the Confederate rebels mascot." Plaintiff claims that he has experienced humiliation, emotional distress and mental anguish as well as "continued feelings of disappointment, emotional deterioration and rupture"

1

"due to public education's promotion of the glorification of slavery." Minnifield seeks declaratory and injunctive relief as well as $22,000,000.00 in compensatory and punitive damages.

The School Board has filed the current Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The School Board also seeks recovery of attorney fees and costs.

## LAW AND ANALYSIS

<u>Motion to Dismiss for Lack of Subject Matter Jurisdiction under F.R.C.P. 12(b)(1)</u>

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998 (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke federal jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001). In fact, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the

2

complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (5th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980)) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.*

Mootness

The School Board first argues that the claims against it are moot because Minnifield graduated from West Monroe High School in 1975 and has no children attending West Monroe High School. "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions, ... our impotence to review moot cases derives from the requirement of Article III of the Constitution under which the exercises of judicial power depends upon the existence of a case or controversy." *North Carolina v. Rice*, 404 U.S. 244, 246 (U.S. 1971) (internal citations and quotations omitted).

The School Board argues that a case is moot when a plaintiff complains of certain activities at a school and subsequently graduates from that school. However, the cases presented by the School Board in support of this contention sought only injunctive relief, not damages. *See Doe v. Marshall*, 622 F.2d 118, 119 (5th Cir. 1980) (the student had graduated from high school and the suit was only for injunctive relief, therefore there is "no longer a justiciable case or controversy and the case is moot."); *Doe v. Madison School District No 321*, 177 F.3d 789, 797

(9th Cir. 1999) ("the student-plaintiff graduated. ... Because we cannot remedy the student-plaintiff's injury with injunctive or declaratory relief, the student-plaintiff's claims for those forms of relief are moot.")

Minnifield is seeking declaratory or injunctive relief. The School Board correctly argues that since Minnifield graduated from West Monroe High School over thirty years ago, and has no children attending West Monroe High School, his claims for declaratory or injunctive relief are moot. However, Minnifield is also seeking compensatory and punitive damages; therefore, the mootness doctrine does not apply to those claims, and further analysis is required.

Standing

The School Board also argues that Minnifield's claims should be dismissed because he lacks standing. "The doctrine of standing is distinguishable from that of mootness. The Supreme Court has acknowledged mootness as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Pederson v. Louisiana State University*, 213 F.3d 858, 869 (5th Cir.2000). (internal citations and quotations omitted).

> Article III of the United States Constitution requires that a litigant have standing to invoke the power of a federal court. "To demonstrate standing, the plaintiff must show an injury in fact, a requirement assuring that the court will not pass upon ⋯ abstract, intellectual problems, but will adjudicate concrete, living contest[s] between adversaries. The injury alleged must be actual or imminent and not abstract, conjectural, or hypothetical." *Doe v. Beaumont Independent School Dist.,* 240 F.3d 462, 466 (5th Cir.2001) quoting *Federal Election Com'n v. Akins,* 524 U.S. 11, 20, 118 S.Ct. 1777, 141 L.Ed.2d 10(1998) (internal quotations omitted). Furthermore, "[t]o have standing, a plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." (emphasis added) *National Park Hospitality Ass'n v. Department of Interior,* 538 U.S. 803, 815, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003) quoting *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82

4

L.Ed.2d 556 (1984). Finally, the United States Supreme Court has developed prudential limitations on standing, including a requirement that a litigant generally must assert his or her own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties. *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

*Ward v. Santa Fe Independent School Dist.*, 393 F.3d 599, 606 (5th Cir. 2004).

To have standing, Minnifield must first show that he has suffered an injury in fact.

There must be a 'personal stake in the outcome' such as to 'assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' ... Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'

*O'Shea v. Littleton*, 414 U.S. 488, 493-94 (U.S. 1974).

Minnifield alleges that he

continues to experience humiliation, emotional distress, and mental anguish, due to public education's promotion of the glorification of slavery. The defendants continue to act in a conscious disregard for [his] rights. ... The Confederate Rebels continue to oppress [his] rights. ... defendants ... attempt to induce [him] to give up his legal rights to be free from discrimination ... [and he] has suffered continued feelings of disappointment and emotional deterioration and rupture due to public education's promotion of the glorification of slavery.

Complaint (Doc. #1 pg.4 - para. 6).

Minnifield's claims of injury are conjectural statements unsupported by any factual allegations. Minnifield argues that the rebel mascot offends him; however, in order to have standing, Minnifield must present some factual basis, not just conclusory statements, to support a claim that he has actually been injured by West Monroe High School's use of the rebel mascot.[1]

---

[1]Indeed, it appears unlikely that any individual could present facts to support a claim of actual injury as the result of a school's choice of mascot.

Plaintiff has failed to show that he has suffered an injury in fact and he therefore lacks standing to bring these claims. Since Minnifield lacks standing, **IT IS RECOMMENDED** that the School Board's Motion to Dismiss (Doc. #24) be **GRANTED**, and the matter **DISMISSED WITH PREJUDICE** as to the School Board. Furthermore, in as much as this court has the duty to raise the question of subject matter jurisdiction *sua sponte* under Rule 12(b)(1). *See Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003). **IT IS FURTHER RECOMMENDED** that Minnifield's claims be dismissed as to **ALL** defendants because Minnifield lacks standing and consequently, this court has no subject matter jurisdiction.

Prescription

In the alternative, the School Board contends that Minnifield's complaint fails to state a claim and must be dismissed because it is time-barred. The School Board has filed this argument as a Motion to Dismiss; however, since the School Board is relying on documentation outside the pleadings, the Court will construe the motion as a Motion for Summary Judgment.

Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment and must demonstrate

6

through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Ultimately, however, the court must resolve all doubts against the moving party and draw any reasonable inferences raised by the evidence in favor of the non-moving party. *See Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 1999).

Minnifield contends that the "defendants have and continue to induce, encourage, and promote Racial Discrimination by allowing West Monroe High School to have the Confederate rebels mascot." Complaint (Doc. #1 pg. 2 - para. 2). In addition to monetary damages, Minnifield requests that West Monroe High School change its mascot prior to the 2006-2007 school year and to "remove any Confederate connected mascots or school named for the confederacy from the Louisiana public education system prior to the 2006-2007 school year." Complaint (Doc. #1 pg. 5 - para. 8).

Minnifield's Complaint alleges that this Court has jurisdiction over this action "pursuant

7

to the 14th Amendment to the Constitution of the United States which prohibits Racial

Discrimination in Public Education as a fundamental right." Complaint (Doc. #1 pg.1 - para. 1).

Pro se complaints are to be liberally construed. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir.

1993). Therefore, it is assumed that Minnifield intended to pursue his claims under 42 U.S.C.A.

§ 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.
>
> 42 U.S.C.A. § 1983.

The statute of limitations to be applied in § 1983 cases is the state statute of limitations

governing actions for personal injury in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 276-

280 (1985). Therefore, pursuant to Louisiana's law governing personal injury actions, a one-year

statute of limitations governs § 1983 claims. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.

1998). " Section 1983 actions accrue when the injured party knows or has reason to know of the

injury which forms the basis for the action." *Peter Henderson Oil Co. v. City of Port Arthur,*

*Tex.,* 806 F.2d 1273, 1275 (5th Cir. 1987).

Minnifield testified in his deposition that he was born on January 17, 1957 (Depo. pg. 11)

and that he attended West Monroe High School from 1972-1975 (Depo. pg. 22). Minnifield

stated that he graduated from West Monroe High School on his 18th birthday, January 17, 1975.

(Depo. pg. 52 and 103). Throughout his deposition, Minnifield discussed the disdain he felt as a

student for the rebel mascot and what he perceived to be offensive symbolism. (Depo. pg. 79-

8

83). However, Minnifield did not file a formal complaint about the school's mascot while he was a student, (Depo. pg. 92) and did not complain to the school superintendent or a school board member until recently. (Depo. pg. 93-102).

Minnifield graduated from West Monroe High School more than 31 years ago, and according to his own testimony, knew or had reason to know of his claims well before his graduation. Since the one-year statute of limitations to bring § 1983 claims has clearly passed, **IT IS RECOMMENDED IN THE ALTERNATIVE** that the School Board's Motion for Summary Judgment be **GRANTED** and Minnifield's complaint be dismissed as time-barred.

Attorney's Fees

The School Board has requested attorney's fees. Under 42 U.S.C.A. § 1988, the district court may, in its discretion, award attorney's fees and costs to the prevailing party in § 1983 litigation. *See* 42 U.S.C.A. § 1988. While such relief is typically awarded to prevailing plaintiffs, a prevailing defendant may recover attorney's fees "when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." *United States v. State of Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991), citing *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412 (1978). Not only does Minnifield lack standing and any factual basis for a claim of injury resulting from the school's mascot choice, but the statute of limitations over any possible claim has long since expired. Minnifield's complaint is clearly frivolous. **IT IS THEREFORE RECOMMENDED** that the School Board's Motion for Attorney's Fees be **GRANTED** and that it be awarded reasonable attorney's fees and costs.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE